**Gjonggi PANJAITAN; Risma Panjaitan, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 03-74290.**

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.*

Filed March 28, 2008.

Kaaren L. Barr, Seattle, WA, for Petitioners.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

John S. Hogan, Rosanne M. Perry, Norah Ascoli Schwarz, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

MEMORANDUM **

Gjonggi Panjaitan, and his wife Risma, are natives and citizens of Indonesia. They petition for review of the Board of Immigration Appeals' ("BIA") decision dismissing their appeal from an immigration judge's ("IJ") order denying Panjaitan's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir.2006), and we deny the petition.

The record does not compel the conclusion that Panjaitan's untimely filing of his asylum application should be excused. *See* 8 C.F.R. § 208.4(a)(5). Accordingly, we deny the petition as to the asylum claim.

Substantial evidence supports the BIA's finding that the harm petitioners experienced is insufficient to compel a finding of past persecution, and the finding that Panjaitan has not demonstrated a clear probability of future persecution. *See Gu*, 454 F.3d at 1019–21; *see also Hoxha v. Ashcroft*, 319 F.3d 1179, 1185 (9th Cir.2003).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Substantial evidence also supports the denial of CAT relief because Panjaitan did not show that it is more likely than not that he would be tortured if returned to Indonesia. *See Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir.2006).

Finally, we deny petitioners' request to remand for review of evidence regarding current country conditions in Indonesia. *See* 8 C.F.R. § 1003.2(a) (request to reopen proceedings "must be in the form of a written motion to the [BIA]"); *Ortiz v. INS*, 179 F.3d 1148, 1152 (9th Cir.1999).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.